UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 6:11-CR-47-GFVT-REW |
| | ) | No. 6:15-CV-7391-GFVT-REW |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| DARLENE SMITH, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On February 11, 2015,[1] Defendant/Movant Darlene Smith filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *See* DE #105 (Motion). The Court conducted an initial review of the motion and perceived it to be untimely. However, in order to give Smith a fair opportunity to respond, the Court ordered briefing on the issue of timeliness/equitable tolling. DE #106 (Order). Smith did not respond. The United States responded and seeks dismissal, alleging that the motion is untimely and that equitable tolling does not apply on this record. DE #109 (Response). Having reviewed the filings under the applicable standards, the Court **RECOMMENDS** that the District Court **DISMISS** the time-barred petition **WITH PREJUDICE** and **DENY** a Certificate of Appealability.

I.      STATUTE OF LIMITATIONS

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Section 2255 provides in relevant part:

---

[1] The filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (*per curiam*). Here, Smith affirmed under penalty of perjury that she placed the § 2255 motion in the prison mailing system on February 11, 2015. DE #105, at 7.

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Judge Van Tatenhove entered judgment[2] on July 16, 2012. DE #76 (Judgment). Smith appealed, and the Sixth Circuit affirmed her conviction on November 6, 2013. *See* DE #96. Smith did not petition the Supreme Court for a writ of certiorari. "When a federal criminal defendant takes a direct appeal to the court of appeals, [her] judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed." *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing *Clay v. United States*, 123 S. Ct. 1072, 1079 (2003)). The ninety-day period to petition for certiorari runs from the date of the court of appeals's judgment or order, not from the date of mandate issuance. *See Clay*, 123 S. Ct. at 1076 (citing Sup. Ct. R. 13(3)). Accordingly, Smith had ninety days from

---

[2] The record reflects that a jury convicted Smith of Counts I and II of the Indictment, charging her with conspiring to manufacture 500 grams or more of meth and knowingly and intentionally possessing equipment that may be used to manufacture meth, in violation of 21 U.S.C. §§ 846 and 843(a)(6) (*see* DE #1). DE #61 (Verdict). On July 12, 2012, Judge Van Tatenhove sentenced Smith to a total term of 188 months in prison, followed by a total of five years of supervised release; the Court entered Judgment on July 16, 2012. *See* DE ##75 (Sentencing Minute Entry); 76 (Judgment).

November 6, 2013, or until February 4, 2014, to petition the Supreme Court for a writ of certiorari. She then, per the AEDPA, had one year from February 4, 2014, to file a § 2255 motion. Smith did not file her motion until February 11, 2015, thereby missing the filing deadline.

Smith argues her motion "should be construed as timely filed" because she earlier had petitioned to join Roscoe Smith's (her husband and co-defendant's) § 2255 motion. DE #105, at 6. The record suggests that Roscoe Smith signed both Smiths' names to a single § 2255 motion (although with Darlene Smith's apparent permission). *See* DE ##99 (11/25/14 Roscoe Smith § 2255 motion); 100 (12/23/14 Judge Smith Order analyzing the joint signature issue and treating DE #99 as solely Roscoe Smith's motion); 101 (1/13/15 Darlene Smith statement) ("I, Darlene Smith, gave Roscoe Dean Smith[] permission to sign my name to our 2255[] on November 1, 2014."); 102 (1/26/15 Judge Smith Order stating that if Darlene Smith "intends to proceed with a § 2255 Motion, she should file a properly signed and verified Motion on her own behalf."). Darlene Smith did not appeal from or object to Judge Smith's December order (which rejected the § 2255 motion as encompassing Darlene), and she did not appeal from or object to Judge Smith's January order (which persisted in the prior ruling because Darlene did not establish "next friend" status for the prior signer). Darlene Smith knew, as early as December 2014, that the Court deemed her not to have filed a pending § 2255 motion. The Court further notes that, per § 2255 Rule 2(d), one motion cannot impeach more than one Judgment.

Smith makes no credible attempt to avoid § 2255(f). She filed more than one year after the judgment became final. There is no mechanism in these circumstances to construe an untimely motion as timely, as Smith requests, due to Movant delay, lack of diligence, or error. *See, e.g.*, *Facundo v. United States*, No. 1:10-CV-78, 2010 WL 2245992, at *4 (W.D.N.C. June

2, 2010) ("Petitioner's [m]otion cannot be construed as timely filed pursuant to any of the provisions of the AEDPA."). DE #99 is Roscoe Smith's § 2255 motion alone, and the Court cannot ascribe its filing date to Darlene Smith's separate motion. Even when notified that the Court did not treat DE #99 as her motion, Smith did not timely act to submit her own motion, instead waiting nearly two months to file. Smith's motion is time-barred under § 2255. The Roscoe Smith motion ineffectually attempted to include Darlene Smith. That act did not and does not constitute a proper § 2255 motion as to Darlene Smith, and thus her tardy filing violates the AEDPA.

## II.    EQUITABLE TOLLING

Further, equitable tolling does not spare Smith's petition.[3] The AEDPA statute of limitations is not jurisdictional; therefore, equitable tolling may apply in some circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (citing *Day v. McDonough*, 126 S. Ct. 1675, 1681 (2006)); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). However, the doctrine applies "sparingly," and the burden is on the defendant to prove its applicability. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). When requesting equitable tolling of the AEDPA limitation period, a petitioner bears the burden of establishing two elements: "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005)). The Sixth Circuit accordingly evaluates requests for equitable tolling under this two-part test. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (no longer following

---

[3] Equitable tolling applies to § 2255 motions. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001), *abrogated on other grounds by Hall v. Warden*, 662 F.3d 745 (6th Cir. 2011) ("Because there is a rebuttable presumption that equitable tolling applies to statutes of limitations and there is no indication that Congress did not intend for equitable tolling to apply to the limitation period in habeas cases, the one-year statute of limitations in § 2255 is subject to equitable tolling."). The Government also does not contest its applicability. DE #109, at 1.

the five-factor test). The proper inquiry is case-by-case and fact-based. *See Holland*, 130 S. Ct. at 2562-63. The doctrine "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Plummer v. Warren*, 463 F. App'x 501, 504 (6th Cir. 2012) (citation and internal quotation marks omitted).

Here, the Court cannot find a basis to invoke, and Smith does not particularly advocate for, the doctrine of equitable tolling. The delay of more than one year between conviction finality and Smith's § 2255 filing clearly calls into question the diligence of Smith's rights pursuit. Judge Smith first notified Darlene Smith that the Court treated DE #99 as solely Roscoe Smith's § 2255 motion on December 23, 2014. DE #100. Smith waited nearly two months—until February 11, 2015—to file her own motion. DE #105. Again, she did not appeal that treatment. Further, although Darlene tendered a notarized (but unverified) interim document purporting to affirm Roscoe Smith's authority (DE #101), that hardly addressed Judge Smith's full concerns. Judge Smith so noted, DE #102, and Darlene again failed to object and failed to timely protect her rights under § 2255. *See also Brewer v. United States*, No. 1:05-CV-2, 2005 WL 3536069, at *4 (N.D. W. Va. Dec. 23, 2005) ("Nelson did not establish 'next friend' standing; thus the § 2255 motion filed by her on Brewer's behalf is not properly filed under the rules governing section 2255 proceedings."); *Lucarelli v. United States*, 65 F. App'x 926, 927 (6th Cir. 2003) (discussing requirements for a next friend habeas petition); *Hall v. United States*, Nos. 3:07-CR-51-TAV-CCS-6, 3:14-CV-498-TAV-CCS, 2014 WL 5494684, at *1-*2 (E.D. Tenn. Oct. 30, 2014) (same). Nothing in the record suggests Smith lacked actual or constructive notice of the filing requirements of § 2255, and the Court finds no evidence of reasonable ignorance of the legal requirement to file the claim. Further, the record reflects no extraordinary circumstance sufficient

to warrant equitable tolling, and Smith identified none. Under the prevailing standard, the doctrine of equitable tolling does not apply to save the untimely motion.[4]

Darlene Smith's course of conduct shows that she was well aware of her rights and well aware of the § 2255 deadline. She did take steps, though invalid ones, to get before the Court. However, Smith did not file a timely § 2255 motion, and nothing but her own lack of understanding and chosen irregular course of presentation caused that result. She did not here respond to the Court's timeliness concerns and thus does not point to, much less establish, any extraordinary obstacle to timely filing. The tolling burden is hers, and she fails to carry it.

## III.   CONCLUSION

Because Smith's petition is time-barred, the Court **RECOMMENDS** that the District Court **DISMISS** the motion (DE #105) **WITH PREJUDICE** and **DENY** a Certificate of Appealability.[5]

*   *   *   *   *

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo,

---

[4] Smith does not argue for equitable tolling on the ground that she is actually innocent, and she has not presented or even pursued a "credible" claim of actual innocence. *See Cleveland v. Bradshaw*, 693 F.3d 626, 632-33 (6th Cir. 2012). Accordingly, Smith clearly is not entitled to equitable tolling on this basis.

[5] No Certificate of Appealability should issue because the timeliness result is not on this record fairly debatable. *See Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000) (requiring a petitioner to demonstrate, when a court dismisses on procedural grounds, that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 11th day of May, 2015.

Signed By:

*Robert E. Wier*

United States Magistrate Judge